UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| JENNIFER LYNN BEAN,<br><br>   Plaintiff,<br><br>v.<br><br>ARISTOCRAT LEISURE, LLC,<br>ARISTOCRAT TECHNOLOGIES, INC., and<br>PRODUCT MADNESS, INC.,<br><br>   Defendants. | Case No. _____<br><br>Removed from the Circuit Court for the<br>Fourteenth Judicial District of Tennessee,<br>Case No. 2023-CV-49184 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332 and 1441, Specially Appearing Defendants Aristocrat Leisure, Ltd., Aristocrat Technologies, Inc., and Product Madness, Inc. (collectively "Defendants") hereby give notice of removal of this matter from the Circuit Court for the Fourteenth Judicial District of Tennessee (case number 2023-CV-49184) to this Court.

**I.   OVERVIEW AND PROCEDURAL HISTORY**

1. Plaintiff filed this action in the Circuit Court for the Fourteenth Judicial District of Tennessee, in Coffee County, on November 13, 2023. The state court designated the case number 2023-CV-49184.

2. Plaintiff alleges that Defendants make available "online games and applications" ("Apps") that are "games of chance, and thus illegal gambling, under Tennessee law," because the Apps purportedly allow users to "pay[] money for the chance to win . . . free or extended playing time." Compl. ¶ 14.

3. On that basis, Plaintiff brought this action under Tennessee Code § 29-19-104 seeking "recovery of all sums paid by Tennessee residents to [Defendants]" in Defendants' Apps

"during the period beginning [November 13, 2022] until this case is resolved," "except that she does not seek any money lost by a Tennessee resident who lost $75,000 or more during the [statutory] period." Compl. ¶¶ 5, 24.

4. Plaintiff served the Complaint and Summons on Defendant Aristocrat Technologies, Inc., on November 16, 2023. Defendants Aristocrat Leisure Ltd. and Product Madness Inc. have not been served with process as of this filing.

5. This Notice of Removal is timely filed within 30 days after Aristocrat Technologies, Inc. was served with a "a copy of the initial pleading." 28 U.S.C. § 1446(b)(1); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354–56 (1999) (removal period begins with service of process).

6. All Defendants consent to this Notice of Removal.

7. Defendants specially appear for the sole purpose of this removal and expressly reserve all rights, defenses and claims, including without limitation the right to move to dismiss for lack of personal jurisdiction or to compel arbitration.

8. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Aristocrat Technologies, Inc., are attached as **Exhibit A**.

## II.  PARTIES

9. Plaintiff is a resident of Coffee County, Tennessee. Compl. ¶ 10.

10. Defendant Aristocrat Leisure, Ltd. is an Australian corporation with a principal place of business in North Ryde, Australia.[1]

---

[1] The caption and opening paragraph of the Complaint names "Aristocrat Leisure, LLC," an entity that does not exist. The intended defendant appears to be "Aristocrat Leisure, Ltd.," an Australian entity, as stated later in the Complaint. *See* Compl. ¶ 11.

11. Defendant Aristocrat Technologies, Inc. is a Nevada corporation with a principal place of business in Las Vegas, Nevada.

12. Defendant Product Madness, Inc. is a Delaware corporation with a principal place of business in London, United Kingdom. It maintains a United States office in California.

## III. VENUE

13. This Court is a proper venue for removal of this action. The Winchester Division of the United States District Court for the Eastern District of Tennessee includes Coffee County, where this action was originally filed. 28 U.S.C. § 123(a)(4). Thus, this Court is "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## IV. FIRST BASIS FOR REMOVAL: DIVERSITY JURISDICTION

14. Removal is proper based on this Court's diversity jurisdiction because (A) there is complete diversity of citizenship between Plaintiff and Defendants and (B) the amount in controversy exceeds $75,000, exclusive of interest and costs, and because all other requirements for removal are satisfied. 28 U.S.C. §§ 1332(a), 1441(b).

### A. There is complete diversity of citizenship between Plaintiff and Defendants.

15. Plaintiff is a citizen of Tennessee. Compl. ¶ 10.

16. For purposes of diversity jurisdiction, a corporation is a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has a principal place of business." 28 U.S.C. § 1332(c)(1). Under that construction, Defendant Aristocrat Leisure, Ltd. is citizen of the foreign state of Australia; Defendant Aristocrat Technologies, Inc. is citizen of the State of Nevada; and Defendant Product Madness, Inc. is a

citizen of the State of Delaware and the foreign state of the United Kingdom.[2]  *See supra* ¶¶ 10–12.

17.     Therefore, no defendant is a citizen of the same State as Plaintiff (Tennessee).  *See* 28 U.S.C. § 1441(b)(2).

### B.     The amount in controversy exceeds $75,000, exclusive of interest and costs.

18.     Plaintiff brings a single claim under Tennessee Code § 29-19-105 seeking "recovery of all sums paid by Tennessee residents to [Defendants]" in Defendants' Apps "during the period beginning one year before the filing of [her] complaint until this case is resolved, except that she does not seek any money lost by a Tennessee resident who lost $75,000 or more during the statute of limitations period."  Compl. ¶ 24; *see also id.* at Prayer ¶ 2.

19.     Plaintiff alleges that "millions of dollars in revenue" are at issue in this case. Compl. ¶ 18.  Based on Defendant Product Madness's business records, the amount in controversy is in fact in excess of $5 million, even after excluding spending by any individual who spent $75,000 or more during the statutory period.

20.     In other words, Plaintiff is seeking disgorgement of over five million dollars of allegedly ill-gotten funds that Defendants received from Tennessee residents who used Defendants' Apps on or after November 13, 2022.  *See id.* ¶¶ 18, 24.

21.     The amount in controversy in this case for purposes of diversity jurisdiction is thus well in excess of $75,000, for several reasons.

---

[2] Notwithstanding the typo in the caption and opening paragraph of the complaint naming "Aristocrat Leisure, LLC," *see supra* n.1, the intended Defendant is Aristocrat Leisure, Ltd., an Australian company and not an LLC.  Accordingly, no examination of members' citizenship is necessary to establish diversity.

4

22. *First*, the amount in controversy exceeds $75,000 because Plaintiff alleges a single, undivided claim to recover the millions of dollars at issue in this case. Under the plain language of the statute, any recovery will be delivered directly to Plaintiff. *See* Tenn. Code § 29-19-105 ("***Any other person may*** . . . ***recover*** the amount of such money, thing, or its value, by action for the use of the spouse; or, if no spouse, the child or children; and, if no child or children, the next of kin of the loser.") (emphasis added). As Plaintiff observes, this suit "is brought by one person," Compl. ¶ 6, and "has only one plaintiff," *id.* ¶ 20.

23. *Second*, the amount in controversy exceeds $75,000 because Plaintiff is attempting to force Defendants to disgorge the aggregated spending by all individuals in Tennessee who spent $75,000 or less on Defendant's Apps. *See Williams v. Purdue Pharma Co.*, 2003 WL 24259557, at *5 (D.D.C. Feb. 27, 2003) (aggregating, for amount-in-controversy purposes, "refunds" allegedly due to thousands of unidentified persons in disgorgement action seeking "all moneys acquired" by defendant).

24. *Third*, the amount in controversy exceeds $75,000 because the non-aggregation principle applies only to separate and distinct claims of multiple plaintiffs or class members. *See Snyder v. Harris*, 394 U.S. 332, 336 (1969). Here, there are no other plaintiffs, and Plaintiff insists "[t]his action is not a class action" and "is also not a mass action." Compl. ¶¶ 6, 19.

25. *Fourth*, regardless of the mechanism employed to calculate the amount in controversy, common sense dictates that Plaintiff will attempt to keep a substantial portion of any award in this case to compensate herself or her counsel. "[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Naji v. Lincoln*, 665 F. App'x 397, 401 n.2 (6th Cir. 2016). Here, Plaintiff's counsel, who represent Plaintiff alone and not any of the other Tennessean App users

5

Case 4:23-cv-00061-CLC-SKL   Document 1   Filed 12/15/23   Page 5 of 11   PageID #: 5

or family members, can have no claim to any recovery not obtained by their client. The breadth of this litigation makes apparent, however, that such collection is desired. Plaintiff also filed an essentially identical suit against another game developer on the same day she sued Defendants.[3] Plaintiff's counsel, meanwhile, is prosecuting a total of *seven more* of these cases in Tennessee.[4] It strains credulity to believe that Plaintiff and counsel have gone to such trouble for the purely altruistic purpose of collecting money for unknown and unrelated spouses and children of Tennesseans. Any such public interest motive is further undermined by the strategic *exclusion* of the persons Plaintiff might ordinarily characterize as *most harmed*—the family members of Tennesseans who spent $75,000 or more in the Apps.

## V. SECOND BASIS FOR REMOVAL: CLASS ACTION FAIRNESS ACT

26. Additionally, regardless of whether Plaintiff's single cause of action suffices to place more than $75,000 in controversy, removal is proper because this Court has jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), codified at 28 U.S.C. §§ 1332(d), 1453.

27. CAFA provides for federal court jurisdiction over any "class action" where minimal diversity exists, there are at least 100 members in the putative class, and "the matter in controversy

---

[3] *Jennifer Lynn Bean v. SpinXGames Ltd.*, No. 2023-CV-49180 (Tenn. Cir. Ct., 14th Jud. Dist.).

[4] *Burt v. Playtika Ltd.*, No. 2023-CV-49178 (Tenn. Cir. Ct., 14th Jud. Dist.); *Ewing v. SciPlay Corp.*, No. 2023-CV-49179 (Tenn. Cir. Ct., 14th Jud. Dist.); *Duckworth v. Yellow Social Interactive Ltd.*, No. 2023-CV-49181 (Tenn. Cir. Ct., 14th Jud. Dist.), *removed*, 4:23-cv-58 (E.D. Tenn.); *Ewing v. VGW Ltd.*, No. 2023-CV-49182 (Tenn. Cir. Ct., 14th Jud. Dist.); *Duckworth v. Playstudios US LLC*, No. 2023-CV-49183 (Tenn. Cir. Ct., 14th Jud. Dist.), *removed*, 4:23-cv-56 (E.D. Tenn.); *Pless v. Zynga Inc.*, No. 2023-CV-49175 (Tenn. Cir. Ct., 14th Jud. Dist.), *removed*, 4:23-cv-57 (E.D. Tenn.); *Pless v. Huuge Inc.*, No. 2023-CV-49176 (Tenn. Cir. Ct., 14th Jud. Dist.). Plaintiff's counsel is also litigating a number of similar cases in Alabama. *See, e.g.*, *Rice v. Aristocrat Leisure, Ltd.*, No. 3:23-cv-1334 (N.D. Ala.); *Seal v. VGW Ltd.*, No. 3:23-cv-1295 (N.D. Ala.); *Mills v. Playtika Ltd.*, No. 3:23-cv-1289 (N.D. Ala.); *Pilati v. Playstudios US LLC*, No. 3:23-cv-1335 (N.D. Ala.); *Pilati v. Yellow Social Interactive Ltd.*, No. 3:23-cv-1349 (N.D. Ala.).

exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(1), (2), (5); *see also* 28 U.S.C. § 1453(b).

28. Congress enacted CAFA to address gamesmanship by lawyers who attempt to keep interstate class actions out of federal court. S. Rep. No. 109-14 at 4–5 (2005). Congress "firmly believe[d]" that interstate class actions "properly belong in federal court" because they "typically involve more people, more money, and more interstate commerce ramifications than any other type of lawsuit." *Id.* at 5.

29. CAFA is "not to be read narrowly, but as a broad grant of jurisdiction in interstate class actions." *Davenport v. Lockwood, Andrews & Newnam, Inc.*, 854 F.3d 905, 910 (6th Cir. 2017). That is why "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

30. All of the jurisdictional requirements for CAFA are satisfied here.

31. CAFA defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). This definition "is to be interpreted liberally," consistent with the "overall intent" of CAFA: "to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications." S. Rep. 109-14, at 35.

32. Congress has also emphasized that, "[g]enerally speaking, lawsuits that resemble a purported class action should be considered class actions for the purpose of applying" CAFA. S. Rep. No. 109-14, at 34–35. A "class action" is ordinarily defined as a "lawsuit in which the court authorizes a single person or a small group of people to represent the interests of a larger

7

group." Black's Law Dictionary; *accord* William B. Rubenstein, Newberg & Rubenstein on Class Actions § 1.1 (6th ed.).

33. If the Complaint is construed such that Plaintiff individually does not stand to receive a substantial award, then Plaintiff is necessarily a person who is purporting to represent the interests of a larger group of individuals: the "spouse[s]," "children," and "next of kin" of Tennessee residents who spent any amount less than $75,000 on Defendants' Apps during the period from November 13, 2022, to the date the action is resolved. *See* Compl. ¶¶ 5, 7, 24. That makes this lawsuit "in substance a class action." *Addison Automatics, Inc. v. Hartford Cas. Ins. Co.*, 731 F.3d 740, 741–42 (7th Cir. 2013) (rejecting plaintiff's "artificial attempt to disguise the true nature of the suit").

34. Plaintiff requests "a special master to determine all proper recipients of the money at issue," Compl. at Prayer ¶ 3, which necessarily contemplates that notice will be given to the third parties on whose behalf Plaintiff is purportedly acting and that a class-action-like claims process will ensue.

35. A judgment of the form sought by Plaintiff will affect the legal rights of numerous other absent persons, such that due process will demand that Rule 23-like procedures be followed. *Cf. Rotunda v. Marriott Int'l, Inc.*, 123 A.3d 980, 985–96 (D.C. 2015) (holding that a private attorney general claim authorized under D.C. law was "in essence a class action, whether pled a such or not," because "a procedure binding absent class members who do not affirmatively distance themselves from the suit" without providing notice of the suit "would present grave due process concerns"); *Clean Label Project Found. v. Abbott Lab'ys, Inc.*, 2022 WL 1658813, at *8 (D.D.C. May 25, 2022) ("[I]f a . . . representative action 'putatively affects the legal rights of

8

Case 4:23-cv-00061-CLC-SKL    Document 1    Filed 12/15/23    Page 8 of 11    PageID #: 8

thousands of [individuals] . . . then such an action may require Rule 23 procedures and federal jurisdiction may lie under CAFA.").

36. CAFA's remaining statutory requirements are also met. As explained above, at least one member of the putative class is a citizen of a State (Tennessee) different from any Defendant. *See supra* ¶¶ 10–12; 28 U.S.C. § 1332(d)(2)(A). Based on Defendants' review of business records, there are more than 100 members of the putative class and the claims asserted on their behalf exceed $5 million. *See supra* ¶ 19; 28 U.S.C. § 1332(d)(2), (5)(b), (6). Defendants are not States, State officials, or other governmental entities. *See supra* ¶¶ 10–12; 28 U.S.C. § 1332(d)(5)(A). And because no Defendant is a citizen of Tennessee, none of the exceptions to CAFA jurisdiction applies. *See supra* ¶¶ 10–12; 28 U.S.C. § 1332(d)(3)–(4).

37. The exercise of jurisdiction over this case will also further CAFA's purposes. "CAFA's primary objective [is] ensuring [f]ederal court consideration of interstate cases of national importance." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013) (internal quotation omitted); *accord Dart Cherokee Basin*, 574 U.S. at 89. This lawsuit directly implicates these concerns:

    a. Plaintiff is invoking a rarely used state statute and a novel theory of representation to attempt to extract millions of dollars from out-of-state Defendants by bringing claims on behalf of nearly every person in Tennessee who made purchases in Defendants' Apps over a period of more than a year.

    b. Her counsel sued numerous other online game providers using this same novel theory to seek tens of millions of dollars in total.

9

Case 4:23-cv-00061-CLC-SKL   Document 1   Filed 12/15/23   Page 9 of 11   PageID #: 9

c. Plaintiff has plainly structured her Complaint as an effort to avoid this Court's jurisdiction, dedicating large portions of her pleading to that issue. *See* Compl. ¶¶ 5–9, 19–23.

\* \* \* \*

38. Written notice of the filing of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Circuit Court for the Fourteenth Judicial District of Tennessee.

39. Defendants reserve the right to amend or supplement this Notice of Removal and reserve all defenses.

40. Defendants will timely answer or otherwise respond to the Complaint within the time prescribed by Federal Rule of Civil Procedure 81(c) or as otherwise ordered by the Court.

41. If any question arises with regard to the removal of this action, Defendants respectfully request the opportunity to be heard on the matter.

WHEREFORE, Defendants Aristocrat Leisure, Ltd., Aristocrat Technologies, Inc., and Product Madness, Inc. remove this action from the Circuit Court of the Fourteenth Judicial District of Tennessee to this Court pursuant to 28 U.S.C. §§ 1332 and 1441.

Respectfully submitted,

/s/Robb S. Harvey
Robb S. Harvey (Tenn. BPR No. 011519)
Holland & Knight LLP
511 Union Street Suite 2700
Nashville, Tennessee 37219
Tel: (615) 244-6380
Robb.harvey@hklaw.com

 /s/Lindsey Barnhart (by RSH w/perm.)

Lindsey Barnhart (*pro hac vice* application forthcoming)
Covington & Burling LLP

3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
T: (650) 632-4700
E: lbarnhart@cov.com

/s/Gary Rubman (by RSH w/perm.)
Gary Rubman (*pro hac vice* application forthcoming)
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
T: (202) 662-6000
E: grubman@cov.com

*Counsel for Specially Appearing Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on December 15, 2023, a copy of the foregoing was filed electronically using the Court's Electronic Case Filing (ECF) system. A copy of the foregoing is being sent via email and U.S. Mail, first class postage prepaid, to the following counsel for the Plaintiff:

| | |
|---|---|
| Garth Segroves | Jeffrey L. Bowling |
| 113 West Moore Street | Bedford, Rogers & Bowling P.C. |
| Tullahoma, Tennessee 37388 | 303 North Jackson Street |
| Garth_segroves@att.net | P.O. Box 669 |
| | Russellville, Alabama 35653-0669 |
| | jeffbrbpc@bellsouth.net |

John E. Norris, D. Frank Davis, Wesley W. Barnett, & Dargan W. Ware
Davis & Norris, LLP
2154 Highland Avenue #4002
Birmingham, Alabama 35205
jnorris@davisnorris.com; fdavis@davisnorris.com; wbarnett@davisnorris.com; dware@davisnorris.com

                                          /s/ Robb S. Harvey

11

Case 4:23-cv-00061-CLC-SKL    Document 1    Filed 12/15/23    Page 11 of 11    PageID #: 11